IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MOFID SALEH<br><br>          Petitioner.<br>v.<br><br>UNITED STATES OF AMERICA<br><br>          Respondent. | Criminal Action Number 3:03CR187-JRS-01<br>Civil Action Number 3: 05CV57-JRS |

### **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Mofid Saleh's pro se Motion to Vacate, Correct, or Set Aside his conviction pursuant to 28 U.S.C. § 2255. For the reasons articulated below, Petitioner's motion is DENIED.

I.

On July 9, 2003, Petitioner pled guilty to Count Four and Count Eighteen of the Indictment: Trafficking in Contraband Cigarettes, in violation of 18 U.S.C. § 2342; and Money Laundering, in violation of 18 U.S.C. § 1957. Petitioner was sentenced on October 14, 2003, to sixty-three (63) months imprisonment, three (3) years supervised release, a $200 special assessment fee, and restitution in the amount of $1,649,252.80. Petitioner did not appeal his sentence.

On October 25, 2004, the Court received Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") and a request for an extension of time to file a supporting brief. Petitioner sought an extension because he was waiting for transcripts he requested from the Court. In the Court's November 4, 2004, Order, the Court found that Petitioner's § 2255 was insufficient, but granted Petitoner a 60 day extension to file a § 2255 in compliance with Rule

2(b) of the Rules Governing Section 2255 Proceedings. The Court received Petitioner's new petition on January 10, 2005.

II.

Petitioner raises two grounds for relief in his § 2255 petition. First, Petitioner contends that Defense Counsel provided ineffective assistance during the sentencing and appeal phase of his case. Second, Petitioner argues that the enhancements he received at sentencing are in violation of the Sixth Amendment, Article III of the Constitution, and his due process rights based on the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005).

III.

When bringing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); United States v. King, 36 F. Supp. 2d. 705, 707 (E.D. Va. 1999). Section 2255 permits a petitioner to challenge his sentence if the sentencing court lacked jurisdiction, if petitioner's constitutional rights have been infringed upon, or if the judgment is not authorized by law or is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Petitioner in this case is pro se. Accordingly, he is subject to a less stringent standard than an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

IV.

A. Timeliness of Petition

The Government argues that Petitioner's § 2255 should be dismissed as untimely because the one year statute of limitations' bars his petition. The Government states that the one year filing deadline was on October 14, 2004, and Petitioner's § 2255 petition was dated January 3, 2005.

Section 2255 petitions are subject to a one-year statute of limitations period, which begins to run on the date the judgment of conviction becomes "final." Clay v. United States, 537 U.S. 522, 524 (2003). Because no appeal was taken, Petitioner's judgment became final ten days after entry of his judgment, on October 24, 2003. Appellate R. 4(b)(1). As a prisoner, Petitioner's Motion is deemed filed once it is deposited in the internal prison mail system. Appellate R. 4(c). Petitioner's original § 2255 was signed on October 19, 2004, and was received by the Court on October 25, 2004. The Court then granted Petitioner an extension, making his petition due on January 3, 2005. Petitioner's new § 2255 was signed on January 3, 2005, and received by the Court on January 10, 2005. Accordingly, Petitioner's Motion is filed within the one-year statute of limitations period.

B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly brought under collateral review. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). To prevail on an ineffective assistance of counsel claim in the plea context, the petitioner must satisfy a modified Strickland test. Specifically, the petitioner must show that (1) counsel's performance was deficient; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992); see also Strickland v. Washington, 466 U.S. 668 (1984). As to the first prong of the test, "the [movant] must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The second prong, commonly referred to as the "prejudice" prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. Failure to meet either prong defeats a petitioner's claims. Strickland, 466 U.S. at 700.

Petitioner contends that his claim for ineffective assistance of counsel is governed under the standards in United States v. Cronic, 466 U.S. 648 (1984), instead of Strickland. While Cronic establishes criteria under which to judge whether a defendant has received effective assistance of counsel, Petitioner's reliance on Cronic is misplaced. The ineffective assistance of counsel standard articulated in Cronic governs cases where the "surrounding circumstances make it unlikely that the defendant could have received the effective assistance of counsel." Cronic, 466 U.S. at 666. In situations where, as Petitioner contends here, a defendant claims ineffective assistance based on the specific errors made by counsel, the claim is evaluated under Strickland. Id. at 666-67, n.41. Accordingly, the Strickland standard is properly employed in this case.

Petitioner argues that defense counsel, Charles D. Whaley, Esq., was ineffective as counsel because he failed to challenge the enhancement Petitioner received at sentencing, failed to offer mitigating evidence, failed to file a direct appeal, and failed to file an Anders brief.[1] Specifically, Petitioner states that Mr. Whaley did not make obvious objections to his Presentence report in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Petitioner has failed to show that Mr. Whaley's conduct was deficient or that it fell below an objective standard of reasonableness. Petitioner's sentence was enhanced for his role in the offense because he and a co-defendant recruited drivers to transport contraband cigarettes from Virginia to New York. See Sent. Trans. at 3. The record does not support a finding that Mr. Whaley

---

[1]The Government erroneously contests Petitioner's ineffective assistance of counsel claim by attacking whether the allegedly ineffective actions of Petitioner's counsel (i.e. failing to object to enhancements) could be brought as an independent basis for Petitioner's habeas petition. Accordingly, the Government, and Petitioner in response, spend a great deal of time discussing whether Petitioner is precluding from raising sentencing guideline objections on collateral review. Since this is not the proper analysis of Petitioner's ineffective assistance claim, these arguments will not be addressed.

4

was deficient for failing to object to this enhancement. First, Petitioner has failed to provide a valid basis on which his attorney could have possibly objected to this enhancement. Second, Petitioner admitted to recruiting drivers to transport cigarettes in the statement of facts filed with his plea agreement, which is the factual basis underlying the enhancement. See Statement of Facts ¶¶ 4-5, 8 (hereinafter "SOF"). Lastly, Petitioner failed to object to the enhancement after listening to Mr. Whaley explain to the Court why Petitioner was receiving the enhancement. See Sent. Trans. at 2. The mere post-sentencing assertion by Petitioner that Mr. Whaley should have objected to this enhancement does not make his counsel's actions deficient.

Similarly, Petitioner's claims that counsel was deficient for failing to investigate mitigating circumstances, file an appeal, and file an Anders brief are unsubstantiated. Petitioner fails to suggest any mitigating factors present in his case. Additionally, Petitioner has not alleged that he requested his counsel to appeal his sentence, nor has he alleged any potential basis for an appeal.

Petitioner further contends that Mr. Whaley was ineffective because he did not investigate an entrapment defense. According to the Statement of Facts signed by Petitioner, a New York State Office of Tax Enforcement ("NYSOTE") investigator placed an advertisement in an Arabic language newspaper distributed in New York City. See SOF ¶ 1. The ad stated that discount cigarettes were for sale by an Arabic owned and operated tobacco wholesaler in Virginia. See SOF ¶ 1. People who contacted the wholesaler were given directions to the wholesaler after a purchase was made. See SOF ¶¶ 1-2. All purchasers were told that the cigarettes bore counterfeit New York State and New York City tax stamps. See SOF ¶ 2. Petitioner now claims that he was told that the New York tax stamps on the cigarette boxes were genuine. Petitioner further asserts that he was entrapped because the Government placed newspaper advertisements targeting the Arab community in New York and

he was not predisposed to illegally import cigarettes from Virginia to New York.

The record does not support Petitioner's contention that counsel was ineffective for not raising an entrapment defense. First, Petitioner admitted in his statement of facts and during his plea colloquy that he knew that the New York cigarette stamps were counterfeit. See SOF ¶ 8; Plea Trans. at 19. "[D]efendant should not be heard to controvert this Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). Petitioner has failed to explain why the Court should accept his subsequent contradictory statement in support of his ineffective assistance claim that he was told that the New York tax stamps on the cigarette boxes were genuine.

Second, the entrapment defense focuses on "the intent or predisposition of a defendant to commit the crime." United States v. Russell, 411 U.S. 423, 429 (1973). Petitioner baldly asserts that he was not predisposed to commit this crime, but does not give any facts supporting his contention. Given the fact that Petitioner admitted to recruiting drivers to facilitate the trafficking scheme, SOF ¶ 8, it is unlikely that Petitioner would be able to show that he was not predisposed to commit this crime. Lastly, at Petitioner's Rule 11 hearing the Court asked Petitioner if Mr. Whaley had "done everything that [Petitioner] wanted him to do up to this point?", Petitioner responded "Yes." Since Petitioner has failed to meet his burden of proof under Strickland, Petitioner's ineffective assistance of counsel claim is DENIED.

C. Booker Claims

Petitioner has made several arguments under Booker, United States v. Blakely, 124 S. Ct. 2531 (2004), and Apprendi that his sentence was improperly enhanced in violation of the Sixth

Amendment, Article III, and due process of law.

Any challenge premised on Booker, fails on its merits because, as with Apprendi and other cases applying its principles, Booker does not apply retroactively to matters pending on collateral review. Although the Fourth Circuit has not directly addressed the question of whether Booker applies retroactively on collateral review to initial § 2255 petitions, every circuit court that has addressed the question concluded that Booker does not apply retroactively. See Humphress v. United States, 2005 U.S. App. LEXIS 3274, 2005 FED App. 94P, 2005 WL 433191, at *7 (6th Cir. 2005); Varela v. United States, 2005 U.S. App. LEXIS 2768, 2005 WL 367095, at *3-4 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479, 2005 U.S. App. LEXIS 1638, 2005 WL 237642, at *2 (7th Cir. 2005); see also Coleman v. United States, 329 F.3d 77 (2d Cir. 2003) (holding that Apprendi does not apply retroactively).

Moreover, neither Apprendi nor Blakely have been held to apply retroactively to cases pending on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) ("[N]either the Supreme Court nor any of our sister circuits have held that Apprendi is retroactively applicable on collateral attack."); United States v. Marshall, 2004 U.S. App. LEXIS 26699 (4th Cir. 2004) (stating that the Supreme Court has not made its ruling in Blakely retroactive to cases on collateral review); In re Dean, No. 04-13244, 2004 U.S. App. LEXIS 14191, *7 (11th Cir., July 9, 2004) ("[T]he Supreme Court has strongly implied that Blakely is not to be applied retroactively."). Accordingly, the Court concludes that Booker does not apply retroactively to cases pending on collateral review; therefore, it does not offer Petitioner any relief from his sentence.

Even assuming, *arguendo*, that Booker and Apprendi did apply retroactively, the cases do not support Petitioner's § 2255 claim. In Booker, the Supreme Court affirmed Apprendi and held

that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Petitioner's argument that his sentencing range violates the holding in Apprendi and Booker fails because Petitioner has admitted every fact essential to the determination of his sentence, including the facts regarding his role in the offense, in the statement of facts filed with his plea agreement. Accordingly, Apprendi and Booker are inapplicable to Petitioner's claim.

V.

Petitioner has failed to prove his grounds for collateral attack by a preponderance of the evidence. Accordingly, Petitioner's § 2255 motion is DENIED.

An appropriate Order shall issue.


ENTERED this  26  day of AUGUST, 2005


       /s/ James R. Spencer
      JAMES R. SPENCER
      UNITED STATES DISTRICT JUDGE